**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTHONY LEWIS,

      Plaintiff-Appellant,

  v.

UFCW LOCAL 2,

      Defendant-Appellee.

No. 07-3119
(D.C. No. 5:06-CV-4066-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

---

Plaintiff Anthony Lewis appeals from a district court order granting

summary judgment in favor of defendant UFCW Local 2 ("Local 2") after

concluding that Mr. Lewis failed to sue his former union within the time limit

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applicable to duty-of-fair-representation claims. We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.

## I. Background

*A. Facts*

In 2000, Mr. Lewis was hired as a cashier by Balls Price Chopper ("Balls"), a grocery store in Kansas City, Kansas. At that time, he became a member of Local 2. In September 2004, Mr. Lewis was fired, and in response, Local 2 filed a grievance on his behalf with Balls. In an October 1, 2004, letter, Balls denied Local 2's grievance, setting forth a multitude of reasons that it claimed justified Mr. Lewis's termination. After consulting with its attorney, Local 2 determined that it would likely not prevail should it force the matter into arbitration, so it closed its file on Mr. Lewis's grievance. On February 24, 2005, Mr. Lewis sent Local 2 a letter stating that he wished to appeal to the Executive Board the union's decision not to arbitrate his case. Local 2's president, Tom B. Price, responded on April 8. He informed Mr. Lewis that his appeal would be heard at the Executive Board's next regular meeting on April 26, and he invited Mr. Lewis to attend. Mr. Price also stated that the Executive Board would consider any written statement that Mr. Lewis wished to submit in lieu of attending the hearing. Mr. Lewis submitted such a statement on April 21.

On May 3, Cindi Nance, Local 2's recorder and director of collective bargaining, sent Mr. Lewis a letter regarding his appeal. The letter stated that

after reviewing all the facts relevant to Mr. Lewis's grievance, including his statement, "the Executive Board voted to deny [his] appeal and [to] uphold the closing of [his] grievance." R., Doc. 23, Ex. K. The letter went on to explain that "[b]ased on all the facts of the grievance, the Board believed that the Local would not prevail if this grievance was submitted to arbitration." *Id.*

B. *District Court Proceedings*

On June 20, 2006, Mr. Lewis, proceeding pro se, filed a lawsuit against Local 2 in connection with its prosecution of his grievance against Balls. He alleged that he "was terminated from his former employer" and that Local 2 "voted not to arbitrate his case." *Id.* Doc. 1 at 3. He further claimed that Local 2 "inadequately and insufficiently represented [him] in any issue or grievance" and that "[s]ome issue[s] were not resolved, [while] other issues were resolved on behalf of the company." *Id.* He sought $75,000 in damages to compensate him for "union dues" and "inadequate representation." *Id.* at 4. Local 2 responded with a motion for summary judgment, arguing that Mr. Lewis's claim was time barred.

The district court agreed with Local 2 and granted its motion in an order dated February 28, 2007. First, the court held that despite Mr. Lewis's attempt to characterize his claim as a breach of contract or state tort action, it was most appropriately considered a duty-of-fair-representation claim implied under the scheme of the National Labor Relations Act, as set forth in *DelCostello v. Int'l*

*Bhd. of Teamsters*, 462 U.S. 151, 164, 172 (1983), and its progeny. *See* R., Doc. 35 at 7-8. Second, the court held, under well-settled law, that the statute of limitations applicable to such a claim is six months. *Id.* at 9; *see Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197 (10th Cir. 2002) ("A six-month statute of limitations applies to duty of fair representation claims."). It went on to explain that such a claim "begins to run when an employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations.'" R., Doc. 35 at 10 (quoting *Spaulding v. United Transp. Union*, 279 F.3d 901, 908 (10th Cir. 2002) (further quotation omitted)). The court concluded that in this case, Mr. Lewis's claim began to run, at the latest, on or about May 3, 2005, when Cindi Nance informed him that Local 2's Board voted to uphold its decision not to arbitrate his grievance. Since he failed to file his lawsuit within six months of that date, the court concluded that the statute of limitations had expired as to his claim and that Local 2 was entitled to summary judgment. After filing an unsuccessful motion seeking to alter, amend, or set aside the judgment under Fed. R. Civ. P. 59(e), Mr. Lewis filed his appeal in this court.

## II. Discussion

We review a district court's grant of summary judgment de novo. *Hagerman*, 281 F.3d at 1194. Summary judgment is proper if the record establishes "that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we review the factual record and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Hagerman*, 281 F.3d at 1194.

The district court granted summary judgment to Local 2 based on well-settled law that conclusively determined not only the nature of Mr. Lewis's claim but the statute of limitations applicable to it. As the court explained, it had no choice but to award summary judgment to Local 2 because there is no dispute that Mr. Lewis filed this lawsuit approximately seven months after the limitations period expired. We concur fully with the district court's thorough and well-reasoned opinion of February 28, 2007, and we note that Mr. Lewis has raised no arguments on appeal that were not properly addressed therein. Accordingly we AFFIRM the district court's judgment for the same reasons articulated in its opinion, dated February 28, 2007.

Entered for the Court

Wade Brorby
Senior Circuit Judge